IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DOUGLAS H. LOOS, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:21-CV-258 (MTT) |
| | ) |
| MARK W. MANN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Defendant Elaine Mann moves to dismiss the claims brought by Plaintiff Douglas Loos for failure to state a claim.[1] Doc. 47. For the reasons discussed below, the motion is **DENIED**.

Loos's claims originate from an alleged "firearm Ponzi scheme" masterminded by Mark Mann, the owner and operator of Mann's World, a federal firearms license dealer. Doc. 44 ¶¶ 3-5. Loos alleges that beginning in August 2015, Mark Mann sold Loos valuable firearms, which Mark Mann claimed he would transfer to Loos after receiving payment. *Id*. ¶¶ 7, 10, 32, 72-73. Once Loos paid the purchase price, Loos claims Mark Mann fabricated reasons for delaying the shipment of the firearms. *Id*. ¶¶ 72-73. Meanwhile, Mark Mann was purportedly selling the purchased firearms to other individuals. *Id*. ¶¶ 7-11. Mark Mann eventually plead guilty to possession of

---

[1] In the motion, Elaine Mann requests that the Court dismiss the amended complaint (Doc. 23). Doc. 47 at 1. Elaine Mann filed the motion on September 1, 2022 after Loos filed the second amended complaint (Doc. 44) on August 26, 2022. The substantive allegations supporting Loos's claim against Elaine Mann for violation of the Georgia RICO Act in the second amended complaint (Doc. 44) are identical to the allegations in the amended complaint (Doc. 23).

unregulated firearms and Mann's World is a debtor in ongoing bankruptcy proceedings. *Id*. ¶¶ 1-2. Loos filed Georgia RICO claims against Mark Mann and various other individuals who assisted with the operation of Mann's World.

Elaine Mann's alleged participation in the firearm Ponzi scheme, and the crux of Loos's RICO claim against her, centers around the Mann's World computer. *Id*. ¶¶ 14, 97-104. Loos claims that Elaine Mann conspired with her son, Mark Mann, and George Cauble to "conceal from the bankruptcy court the computer that contained Mann's World's business records." *Id*. ¶ 38. These business records were concealed "in an effort to further perpetrate [Mark Mann's] false claims of an ownership interest" in the firearms Loos purchased. *Id*.

Based on the allegations in the complaint, Elaine Mann took possession of the Mann's World computer after Mark Mann was convicted and Mann's World closed. *Id*. ¶ 98. Elaine Mann then gave the computer to George Cauble. *Id*. ¶ 99. However, during a Rule 2004 examination in the bankruptcy action, Elaine Mann testified that she could not remember who possessed the computer. *Id*. ¶ 102. Over two years passed before the Mann's World computer was turned over to Mark Mann's attorney for use in the bankruptcy proceedings and "efforts to restore the records" have been "unsuccessful." *Id*. at ¶ 103-04. Loos asserts that Elaine Mann's actions constitute violations of 11 U.S.C. § 152(1) (concealing property belonging to the estate of a bankruptcy debtor), 11 U.S.C. § 152(9) (withholding from a trustee recorded information relating to the property and financial affairs of a bankruptcy debtor), and 18 U.S.C. § 1512(c) (concealing an object with the intent to impair the object's integrity or availability for use in an official proceeding). Doc. 44 ¶ 117. Furthermore, Loos claims he suffered financial loss, such

as attorneys' fees incurred in connection with the ongoing bankruptcy proceeding, because Elaine Mann concealed the computer.  *Id*. ¶¶ 39, 122.

"To establish a valid civil RICO claim, a plaintiff must show that the defendant violated or conspired to violate Georgia's RICO Act and that the RICO violation proximately caused injury to the plaintiff."  *Five Star Athlete Mgmt., Inc. v. Davis*, 355 Ga. App. 774, 778, 845 S.E.2d 754, 758 (2020).  Under OCGA § 16-14-4 (b), it is "unlawful for any person employed by or associated with any enterprise to conduct or participate in, directly or indirectly, such enterprise through a pattern of racketeering activity."  "[A] plaintiff demonstrates racketeering activity by 'showing that the defendant committed predicate offenses at least twice.'"  *Benevolent Lodge No. 3 v. Davis*, ___ S.E.2d ____, 2022 WL 4393351, at *4 (Ga. Ct. App. Sept. 23, 2022) (citing *Cobb Cnty. v. Jones Grp. P.L.C.*, 218 Ga. App. 149, 154, 460 S.E.2d 516, 521 (1995)).  Predicate offenses include "any offense involving fraud connected with a case under title 11."  18 U.S.C. § 1961(1).  And racketeering activity under the Georgia RICO Act includes racketeering activity under 18 U.S.C. § 1961(1).  O.C.G.A. § 16-4-3(5)(C).  Finally, "[t]o satisfy the proximate cause element of RICO, a plaintiff must show that [his] injury flowed directly from at least one of the predicate acts."  *Wylie v. Denton*, 323 Ga. App. 161, 166, 746 S.E.2d 689, 694 (2013) (citing *Longino v. Bank of Ellijay*, 228 Ga. App. 37, 40-41, 491 S.E.2d 81, 85 (1997).

Elaine Mann argues that Loos's complaint fails to state a claim because (1) she did not intend to commit a crime when she took possession of the Mann's World computer and (2) the alleged predicate acts did not proximately cause Loos's injuries. Doc. 47 at 11.

Elaine Mann's first argument essentially asks the Court to draw factual inferences in her favor.  Elaine Mann argues she took possession of the Mann's World computer because she was a "concerned mother" trying to help her son and she "forgot" who was in possession of the computer.  *Id*. at 12.  But at the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (internal quotation marks and citations omitted).  Loos's complaint asserts that Elaine Mann conspired with Mark Mann and George Cauble to conceal Mann's World's business records from the bankruptcy court.  Doc. 44 ¶ 38.  Specifically, Loos claims that Elaine Mann violated Georgia law by giving Cauble the computer and testifying that she did not know who possessed the computer.  *Id*. ¶¶ 97-104, 117.  These statements sufficiently allege that Elaine Mann committed predicate acts under Georgia's RICO statute.  Whether Elaine Mann possessed the requisite intent to violate the law is a factual dispute that cannot be resolved at this stage.

Additionally, Elaine Mann's argument that the litigation costs Loos incurred in the underlying bankruptcy proceedings are not direct injuries proximately caused by her actions is "soundly contradicted by case law."  *United Auto. Ins. Co. v. Fla. Wellness & Rehab. Ctr.*, 2009 WL 10667729, at *5 (S.D. Fla. Feb. 11, 2009) (citing *Stochastic Decisions, Inc. v. DiDomenico*, 995 F.2d 1158, 1167 (2d Cir. 1993); *Cox v. Administrator United States Steel & Carnegie*, 17 F.3d 1386, 1399 (11th Cir. 1994)).  Loos claims that the Mann's World business records were concealed to further Mark Mann's "false claims of an ownership interest" in the firearms Loos purchased.  Doc. 44

-5-

¶ 38.  The alleged concealment and alteration of these business records for over two years after the filing of the bankruptcy action caused Loos to incur legal fees to protect his interest in that action.  *Id*. ¶¶ 39, 103, 122.  As a result, Loos has sufficiently plead proximate causation.

Accordingly, Elaine Mann's motion to dismiss (Doc. 47) is **DENIED**.

**SO ORDERED**, this 26th day of October, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
