IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DOUGLAS H. LOOS, SR., ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MARK W. MANN, *et al.*, ) <br> ) <br> ) <br> Defendants. ) <br> _____) | CIVIL ACTION NO. 5:21-CV-258 (MTT) |

**ORDER**

Defendant Joab Kunin moves to file a late answer asserting counter and cross claims against Plaintiff Douglas Loos and Defendants Mark Mann, Elaine Mann, and George Cauble.  Doc. 56.  The Court granted Kunin's motion in part, allowing him to file an untimely answer, but reserved ruling on the request to file counter and cross claims.  Doc. 57.  Because Kunin's counter and cross claims fail to state a claim upon which relief may be granted, Kunin's motion (Doc. 56) is **DENIED**.

Leave to amend should be "freely give[n] ... when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Court "need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile."  *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal."  *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255,

1263 (11th Cir. 2004) (quoting *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999)).

Kunin's counter and cross claims allege that Loos, Cauble, Mark Mann, and Elaine Mann committed RICO violations. "To establish a valid civil RICO claim, a plaintiff must show that the defendant violated or conspired to violate Georgia's RICO Act and that the RICO violation proximately caused injury to the plaintiff." *Five Star Athlete Mgmt., Inc. v. Davis*, 355 Ga. App. 774, 778, 845 S.E.2d 754, 758 (2020). "To satisfy the proximate cause element of RICO, a plaintiff must show that [his] injury flowed directly from at least one of the predicate acts." *Wylie v. Denton*, 323 Ga. App. 161, 166, 746 S.E.2d 689, 694 (2013) (citing *Longino v. Bank of Ellijay*, 228 Ga. App. 37, 40-41, 491 S.E.2d 81, 85 (1997)). Kunin has not alleged any injury proximately caused by any alleged racketeering activity. Rather, Kunin states, in a conclusory fashion, that the parties' "predicate RICO acts … caused [him] financial losses, investigation costs and other costs and expenses." Doc. 56-1 ¶ 150. Kunin provides no description of the "financial losses, investigation costs and other costs and expenses" purportedly caused by the unspecified "[a]ctions of Mann, Loos, Cauble and Elaine Mann." Thus, as Loos succinctly states, Kunin's counterclaim is essentially "if you allege that I violated the Georgia RICO Act, then I allege that you committed RICO predicate acts." Doc. 59 at 2.

Because Kunin's counter and cross claims fail to state a claim upon which relief may be granted, Kunin's motion (Doc. 56) is **DENIED**. Accordingly, Kunin is permitted to file his untimely answer but not the counter and cross claims against Loos, Cauble, Mark Mann, and Elaine Mann.

-3-

**SO ORDERED**, this 4th day of November, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
